(13 Misc. Rep. 519.)

PLATT v. ZIMMERMAN et al.

(Superior Court of New York City, General Term. July 1, 1895.)

SPECIFIC PERFORMANCE—DEFAULT OF PLAINTIFF.

Specific performance of a contract to exchange land will not be decreed where plaintiff failed to perform at the time fixed by the contract, unless he satisfactorily excuses his default.

Appeal from equity term.

Action by Richard G. Platt against Joseph J. Zimmerman and others. The complaint was dismissed on the merits, and plaintiff appeals. Affirmed.

Argued before FREEDMAN and McADAM, JJ.

Frederick Hughes (F. E. Parker, of counsel), for appellant.
J. George Flammer, for respondents.

PER CURIAM. On the day and at the hour and place named in the contract for the exchange of the properties in question, the defendant Joseph J. Zimmerman attended, ready, able, and willing to perform on his part. The plaintiff was unprepared, applied for an adjournment, and, on this being refused, made no effort to consummate the exchange until two days afterwards. The plaintiff's deed was not acknowledged until nearly four months after the time fixed for its delivery. There were unpaid on the plaintiff's property at these times, and up to the trial, taxes, for 1893, $440, for 1894, $322.20, besides an assessment and unpaid water rents. No moneys were to pass upon the exchange; so that deductions for the unpaid taxes, etc., could not have been made from the purchase money, as in Webster v. Trust Co., 80 Hun, 420, 30 N. Y. Supp. 357, and kindred cases. Under the circumstances, the plaintiff was guilty of want of diligence and inexcusable neglect, sufficient to warrant the trial judge in withholding specific performance, which is not to be had as of right, but rests largely in the discretion of the court. Though time is not regarded in equity as of the essence of a contract, it is in all cases so far material that it cannot be allowed to pass without evidence satisfactorily excusing the default. 3 Pom. Eq. Jur. p. 455.

Though the case is close, we find no abuse of discretion, and no error which requires a new trial. The judgment is therefore affirmed, with costs.